IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE MIMS,

      Petitioner,                No. 2:12-cv-0200 MCE EFB P

   vs.

K. HARRINGTON,

      Respondent.            <u>ORDER</u>

_____/

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      On February 21, 2012, the court directed respondent to file a response to the petition within 60 days. After receiving an extension of time to file a response, on May 30, 2012, respondent filed a motion to vacate the order to respond. Dckt. No. 14. According to respondent, petitioner is currently proceeding in state court with actions attacking the judgment he challenges in his federal petition. Respondent thus argues that responding to the petition at this time will be inefficient given that petitioner may seek to amend his petition to add additional claims. On June 15, 2012, petitioner filed a motion for an extension of time to file a response to respondent's motion. Dckt. No. 15. For the following reasons, the court denies petitioner's motion for an extension of time and respondent's motion to vacate the court's prior order.

1

## I. Motion to Vacate Order Directing Respondent to File a Response

Respondent requests that this court vacate its prior order directing respondent to file a response to the petition. Respondent contends that it would be inefficient to submit a response at this time because petitioner may still be proceeding in state court with habeas actions attacking the conviction he challenges in his federal petition.

The exhibit submitted in support of respondent's motion establishes that petitioner filed a habeas petition in the California Supreme Court on January 19, 2010. Resp.'s Mot. to Vacate, Ex. 1, Dckt. No. 14 at 8. The California Supreme Court denied that petition on July 14, 2010. *Id*. According to respondent, petitioner subsequently filed two habeas proceedings in the California Superior Court, which were denied in a joint order on December 17, 2010.[1] Dckt. No. 14 at 2. On February 14, 2011, petitioner filed a habeas petition in the California Court of Appeal. That petition was denied on March 17, 2012. *Id*. at 9. Petitioner then filed a petition in the California Supreme Court, which was denied on October 12, 2011. *Id*. at 10.

Petitioner filed the instant petition on January 25, 2012. Dckt. No. 1. Respondent claims that petitioner subsequently filed another habeas petition in the California Superior Court, which was denied on April 9, 2012. Dckt. No. 14 at 3. On March 29, 2012, prior to the resolution of the habeas petition filed in the Superior Court, petitioner filed a habeas petition in the California Court of Appeal. That petition was denied on April 5, 2012. Dckt. No. 14 at 11. It does not appear that petitioner has filed another habeas petition in the California Supreme Court.

Given that petitioner has continued to challenge his conviction in state court subsequent to filing his federal petition, respondent requests that this court vacate its order directing respondent to file a response to the petition. Dckt. No. 14 at 3-4. Respondent further requests that this court order petitioner to explain whether he intends to amend his petition to add new claims or whether petitioner wishes to proceed on the current petition. *Id*. at 4. In response,

---

[1] Respondent's exhibit does not contain the docket for these two cases or otherwise contain information relating to these two petitions.

petitioner filed a document titled "Motion to Vacate Unexhausted Claims and Proceed with Exhausted Claims." Dckt. No. 16. Petitioner explains that he would like to proceed on the exhausted claims contained in the petition and requests that the court "vacate" his unexhausted claims contained in the petition.[2] *Id.* at 1-2. It is clear from petitioner's pleading that he wishes to proceed on the January 25, 2012 petition. Accordingly, respondent's motion will be denied. However, because the time for filing an response to the petition has expired, the court will provide respondent 30 additional days to file a response.

**II.     Motion for Extension of Time**

Petitioner filed a motion for an extension of time to file a response to respondent's motion to vacate this court's February 21, 2012 order. Petitioner, however, timely filed a response to respondent's motion. Accordingly, petitioner's motion for an extension of time is denied as unnecessary.

**III.    Conclusion**

Accordingly, it is hereby ORDERED that:

1. Petitioner's motion for an extension of time, Dckt. No. 15, is denied as unnecessary.

2. Respondent's motion to vacate the February 21, 2012 order, Dckt. No. 14, is denied.

3. Respondent shall file and serve either an answer or a motion in response to petitioner's application within 30 days from the date of this order. *See* Rule 4, Rules Governing § 2254 Cases. Any response shall be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application. *See* Rules 4, 5, Rules Governing § 2254 Cases.

4. Petitioner's reply, if any, shall be filed and served within 30 days of service of an answer.

---

[2] Although petitioner requests this court "vacate" his unexhausted claims, at this time the court does not have before it the necessary state court pleadings to determine which claims are unexhausted.

3

1      5. If the response to petitioner's application is a motion, petitioner's opposition or
2 statement of non-opposition shall be filed and served within 30 days of service of the motion,
3 and respondent's reply, if any, shall be filed within 14 days thereafter.
4 DATED: July 9, 2012.

         _____
         EDMUND F. BRENNAN
         UNITED STATES MAGISTRATE JUDGE